1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                      EASTERN DISTRICT OF CALIFORNIA

8

SEAN E. BRAZIL,                          CASE NO.    1:10-cv-1765-MJS (PC)

9
                         Plaintiff,       SCREENING ORDER

10
        v.                                (ECF No. 1)

11
P. BRIGHTWELL, et al.,

12                                         CLERK SHALL CLOSE THE CASE
                         Defendants.

13
                                      /

14

15        Plaintiff Sean E. Brazil ("Plaintiff") is a state prisoner proceeding pro se and in forma

16 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

17        Plaintiff filed this action on September 27, 2010.  (ECF No. 1.)  Plaintiff has

18 consented to jurisdiction by a Magistrate Judge.  (ECF No. 5.)  Plaintiff's Complaint is

19 currently before the Court for screening.

20 **I.    SCREENING REQUIREMENT**

21        The Court is required to screen complaints brought by prisoners seeking relief

22 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

24 raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

25 relief may be granted, or that seek monetary relief from a defendant who is immune from

26 such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

27 thereof, that may have been paid, the court shall dismiss the case at any time if the court

28 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

1   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2   A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

4   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

5   mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct.

6   1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

7   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

8   plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial

9   plausibility demands more than the mere possibility that a defendant committed

10   misconduct and, while factual allegations are accepted as true, legal conclusions are not.

11   Id. at 1949-50.

12   **II.     SUMMARY OF COMPLAINT**

13   When Plaintiff initiated this action and filed the instant motion, he was housed at the

14   Substance Abuse Treatment Facility in Corcoran, California ("SATF").  (Complaint, ECF

15   No. 1).  Plaintiff has named the following individuals as defendants: 1) P. Brightwell,

16   Correctional Counselor, 2) P.A. Jackson, Captain, 3) K. Allison, SATF Warden, and 4) R.

17   Hall, Appeals Coordinator.

18   Plaintiff alleges as follows:

19   Plaintiff arrived at SATF on June 6, 2010, and soon thereafter was assigned a

20   counselor.[1]  Plaintiff informed the counselor that he wished to waive his right to appear in

21   person at his initial classification hearing.  On June 17, 2010, Plaintiff's counselor informed

22   Plaintiff that he had been ordered by Defendant Brightwell to disregard Plaintiff's request.

23   Plaintiff continued to assert that he did not wish to appear in person at the hearing.

24   At the time of the hearing, Plaintiff was cuffed by prison officers at the direction of

25   Defendant Brightwell and taken to his classification hearing in his underwear and shoes.

26   Plaintiff was allowed to leave the hearing once someone reviewed the California Code of

27

28   [1] Plaintiff identifies the counselor as "CCI-I Ceja" but does not name him or her as a defendant.

-2-

1   Regulations and found that Plaintiff was allowed to waive his right to appear at the hearing.

2   Following the classification hearing, Plaintiff tried to have his perceived injuries,

3   described above, addressed through the prison grievance process. Plaintiff filed an appeal

4   in which he complained of Defendant Brightwell's acts.   Defendant Brightwell

5   acknowledged that she had read Plaintiff's waiver request and nevertheless required

6   Plaintiff to attend the hearing.  At the first level appeal, on July 27, 2010, Plaintiff was

7   interviewed by Defendant Jackson.  In his written decision, Defendant Jackson refused to

8   sanction Defendant Brightwell and found that Plaintiff was correctly ordered to attend the

9   hearing to learn about program expectations.

10   Plaintiff's second level appeals also failed.  On August 18, 2010, Defendant Hall

11   screened out Plaintiff's appeal for failing to attach a form.  Defendant obtained the form

12   and on September 9, 2010, again sent in his appeal; it too was denied for failing to attach

13   the same form.  Plaintiff then appealed a third time.  This appeal was denied because too

14   much time had elapsed between filings.

15   Plaintiff also contacted Defendant Allison to request that she censure Defendant

16   Brightwell.  Defendant Allison apparently declined the request.

17   Plaintiff alleges that denying him the right not to appear in person at the hearing

18   constituted a violation of the First, Fifth, and Fourteenth Amendments of the United States

19   Constitution.  Plaintiff also alleges that the subsequent denials of his appeals constituted

20   a denial of his due process rights guaranteed by the Fifth and Fourteenth Amendments.

21   **III.    ANALYSIS**

22   Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

23   or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia

24   Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not

25   itself a source of substantive rights, but merely provides a method for vindicating federal

26   rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

27   To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

28   a right secured by the Constitution or laws of the United States was violated, and (2) that

1   the alleged violation was committed by a person acting under the color of state law.  See

2   West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

3   (9th Cir.1987).

4   **A.      Classification Hearing**

5             1.      Violations of Plaintiff's First Amendment Rights

6             The First Amendment protects the freedom of religion, free speech, the press, the

7   right to assemble, and to petition the Government for redress of grievances.  U.S. CONST.

8   amend. I.  Plaintiff has not alleged he was denied any such right or freedoms.[2]  He alleges

9   only that prison officials escorted him to and forced him to attend his classification hearing

10  against his will.  There is no claim he was forced to speak there.  Even if prison regulations

11  allow his non-attendance, compelling him to be there would not constitute a violation of the

12  First Amendment.

13            2.      Violations of Plaintiff's Fifth Amendment Rights

14            "[T]he Fifth Amendment's due process clause applies only to the federal

15  government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  Because none

16  of the named Defendants are federal actors, Plaintiff has failed to state a claim for violation

17  of the Fifth Amendment.

18            3.      Violations of Plaintiff's Fourteenth Amendment Rights

19                    a.      Procedural Due Process

20            When a plaintiff brings an action under § 1983 for procedural due process violations,

21  he must show that the state deprived him of a constitutionally protected interest in "life,

22  liberty, or property" without due process of law.  Zinermon v. Burch, 494 U.S. 113, 125

23  (1990) (citing Parratt v. Taylor, 451 U.S. 527, 537 (1981)).  In the absence of a

24  constitutionally protected interest, the Constitution does not require the provision of any

25  _____

26        [2] The only right or freedom Plaintiff could conceivably allege has been violated would be his right
    to freedom of association, since he was forced to attend the classification hearing.  However, the freedom
27  of association is necessarily curtailed in the prison context.  See Dunn v. Castro, 621 F.3d 1196, 1202 (9th
    Cir. 2010) (quoting Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (" 'freedom of association is among the
28  rights least compatible with incarceration' ")).  Plaintiff, as a prisoner, cannot state a claim based on a
    violation of his right to freedom of association.

1   process.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1971).

2         Here, as noted, Plaintiff has not alleged that any constitutionally protected interest

3   was violated. He has failed to state a due process violation under the Fourteenth

4   Amendment.

5                          b.      Equal Protection

6         The Equal Protection Clause of the Fourteenth Amendment requires that persons

7   who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc.,

8   473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways. The

9   first method requires a plaintiff to show that the defendant has intentionally discriminated

10  against the plaintiff on the basis of the plaintiff's membership in a protected class. See,

11  e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of

12  equal protection, the plaintiff must show that the defendant's actions were a result of the

13  plaintiff's membership in a suspect class, such as race, religion, or alienage.  Thornton v.

14  City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).  In this case, Plaintiff does not

15  allege that he is a member of a suspect class.  Accordingly, he has failed to state an equal

16  protection claim under this theory.

17        If the action in question does not involve a suspect classification, a plaintiff may

18  establish an equal protection claim by showing that similarly situated individuals were

19  intentionally treated differently without a rational relationship to a legitimate state purpose.

20  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v.

21  Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936,

22  944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th

23  Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must allege that:

24  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated

25  differently from others similarly situated; and (3) there is no rational basis for the difference

26  in treatment.  Village of Willowbrook, 528 U.S. at 564.

27        Plaintiff does not allege that he is a member of an identifiable class, that he was

28  treated differently from others similarly situated, or that there was no rational basis for a

1  difference, if any, in his treatment.  He has failed to state an equal protection claim.

2  **B.      Prison Grievance Process**

3  Plaintiff also alleges that the denial of his appeals through the prison grievance

4  system constitutes a violation of his substantive due process rights under the Fifth and

5  Fourteenth Amendments.  However, the existence of a grievance process does not create

6  a protected liberty interest entitling Plaintiff to a particular result or allowing Plaintiff to seek

7  redress under the Constitution for the violation of any procedural protections set forth in

8  the governing state regulations.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003);

9  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Accordingly, Plaintiff has failed to state

10  a claim under the Fifth and Fourteenth Amendments due to the denial of his appeals

11  through the prison grievance system.

12  **IV.    CONCLUSION**

13  Although the Court is typically required to allow a plaintiff the opportunity to amend

14  his pleading to address deficiencies noted by the Court during screening, amendment

15  would be futile in this case.  For the reasons stated above, the Court finds that there is no

16  basis under which Plaintiff may seek relief in this Court for the alleged wrongs and injuries

17  described in his Complaint.  Plaintiff's Complaint fails to state a claim upon which relief

18  may be granted.  Leave to amend would be futile.  See Noll v. Carlson, 809 F.2d 1446,

19  1448-49 (9th Cir. 1987).

20  Based on the foregoing, it is HEREBY ORDERED that:

21  1.      Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a

22  claim;

23  2.      All pending motions are DENIED as moot; and

24  3.      The Clerk shall close the case.

25

26  IT IS SO ORDERED.

27  Dated:    August 10, 2011            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

28

-6-